# In the United States Court of Federal Claims

No. 22-442

Filed: April 21, 2022

| | |
|---|---|
| **MICHAEL ANTHONY RADOGNA,**<br><br>        *Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>        *Defendant.* | |

## ORDER OF DISMISSAL

Plaintiff Michael Radogna, proceeding pro se, brings this action seeking $3 million in damages and other relief. (Compl., ECF No. 1). Mr. Radogna also moves to proceed *in forma pauperis*. (Mot. for IFP, ECF No. 2). For good cause shown, Mr. Radogna's Motion to Proceed In Forma Pauperis is granted.

Mr. Radogna's allegations are difficult to parse, but the Court understands Mr. Radogna to allege that the United States violated his constitutional rights by failing to oversee the Pennsylvania Supreme Court's management of child abuse cases related to the Catholic Diocese. (Compl. at 2). Specifically, Mr. Radogna appears to allege that the Pennsylvania Supreme Court improperly denied an extension of time to file claims and improperly allowed parties to intervene in an unidentified case. (*Id*. at 2). Mr. Radogna also assigns responsibility to a former Pennsylvania state official and requests the Court investigate her background. (*Id*.). Mr. Radogna cites 42 U.S.C. § 5106a, and, construing his Complaint generously, appears to invoke the Due Process and/or Equal Protection clauses of the Fourteenth Amendment to the United Sates Constitution as well as the privileges and immunities clause of Article IV, Section 2 of the Constitution. (*Id*. at 1 ("The United States violated the Constitutional rights and immunities of all of this class of community citizen individuals by allowing the Pennsylvania State to go unbridled with color of law actions that stopped valid claims . . . due to statutory time bars.")).

The Tucker Act, the primary statute setting the Court's jurisdiction, limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. 28 U.S.C. § 1491(a)(1). The United States Court of Federal Claims only possesses jurisdiction over alleged violations that mandate payment of money damages by the Federal Government. Under RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Whether a court has jurisdiction is a threshold matter in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer, the Court's leniency does not extend to jurisdictional issues. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

A pro se plaintiff's Complaint may not neatly fall into one of the categories over which the Court has jurisdiction, and the Court may excuse ambiguities in favor of liberal claim construction, but there is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011); *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015). A pro se plaintiff still bears the responsibility to establish the Court's jurisdiction by pleading claims which fall within the scope of the Tucker Act. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936) (finding that pro se status does not relieve plaintiffs of the obligation to demonstrate jurisdiction by a preponderance of the evidence). The only proper defendant in the Court of Federal Claims is the United States. *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997). It does not suffice that a plaintiff's complaint names the United States as the defendant pursuant to RCFC 10(a); the allegations in the Complaint must also directly implicate the Federal Government. *Id.* Here, Mr. Radogna has failed to establish the Court's jurisdiction over his claims and, consequently, the Court must dismiss his Complaint for lack of subject-matter jurisdiction.

The Court lacks jurisdiction to review criminal decisions, state court actions, or direct actions by state agencies or officials. *Lawton v. United States*, 621 F. App'x 671, 3 (Fed. Cir. 2015). To the extent Mr. Radogna seeks "monitoring" or "oversight" of Pennsylvania Supreme Court actions or relief directed at Pennsylvania state officials, the Court lacks jurisdiction to review those claims. (*See* Compl. at 2).

The Court also lacks jurisdiction over Mr. Radogna's claims premised on the Due Process and Equal Protection clauses of the Fourteenth Amendment because those constitutional provisions are not money-mandating. *Hawkins v. United States*, 748 F. App'x 325, 326 (Fed. Cir. 2019) ("[T]he Due Process and Equal Protection Clauses of the Fourteenth Amendment are not sources of substantive law that create the right to money damages, i.e., are not money-mandating."). Likewise, the Privileges and Immunities Clause of Article IV is also not money-mandating. *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) ("The Privileges and Immunities Clause of Article IV of the Constitution, the Petition Clause of the First Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations."). Therefore, the Court lacks jurisdiction over Mr. Radogna's claims insomuch as those claims are premised on the Privileges and Immunities Clause of Article IV.

Mr. Radogna also invokes 42 U.S.C. § 5106a, a provision of the Child Abuse Prevention and Treatment Act. Generally, § 5106a concerns grants to states for child abuse and neglect preventions and treatment programs. *See* 42 U.S.C. § 5106a(a) ("The Secretary shall make grants to the States . . .."); § 5106a(b) (discussing eligibility requirements); § 5106a(c) (discussing citizen review panels); § 5106a(d) and (f); (discussing required annual reports); and § 5106a(g) (discussing allotments to States and territories). It is not a money-mandating statute. It imposes

only generalized duties on the states. *See Doe by Fein v. District of Columbia*, 93 F.3d 861, 866 (D.C. Cir. 1996) (comparing 42 U.S.C. § 5106a to the Adoption Act, 42 U.S.C. § 671, which the court held "imposed only generalized duties on the states" and thus created no private right of action) (citing *Suter v. Artist M.*, 503 U.S. 347 (1992)). When evaluating whether a statute is money-mandating such that the Tucker Act waives the United States' sovereign immunity, the Court must determine whether "the legislation . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S. S. Corp. v. United States*, 178 Ct. Cl. 599, 607 (1967); *see also United States v. Mitchell*, 463 U.S. 206, 217 (1983). "The 'money-mandating' condition is satisfied when the text of a statute creates an entitlement by leaving the Government with no discretion over the payment of funds." *Samish Indian Nation v. United States*, 657 F.3d 1330, 1336 (Fed. Cir. 2011). 42 U.S.C. § 5106a concerns the development and operation of child abuse and neglect programs and the qualification of those programs for federal funding. The statute cannot be fairly interpreted as creating an individual's entitlement to money damages for any violation of the provisions therein. Accordingly, the Court finds that 42 U.S.C. § 5106a is not money-mandating and is therefore excluded from the Tucker Act's waiver of sovereign immunity. Consequently, the Court lacks subject-matter jurisdiction over Mr. Radogna's claims insofar as he seeks compensation under § 5106a.

   Mr. Radogna's Motion to Proceed In Forma Pauperis is **GRANTED**, but his Complaint is **DISMISSED** pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction.

   **IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge